# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENGHIS KHAN ALI STEVENSON,<br><br>Plaintiff,<br><br>v.<br><br>M. CURNEL, et al.,<br><br>Defendants. | Case No. 1:17-cv-00764-LJO-SAB (PC)<br><br>ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT OR NOTIFY COURT OF INTENT TO PROCEED ON CLAIM FOUND TO BE COGNIZABLE<br><br>(ECF No. 9.) |

Plaintiff Genghis Khan Ali Stevenson is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge Jurisdiction, therefore this matter was referred to undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.[1]

Plaintiff filed his initial complaint on June 5, 2017. Currently before the Court is Plaintiff's first amended complaint, filed on June 29, 2017.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or

---
[1] Plaintiff declined United States Magistrate Jurisdiction on March 10, 2017. (ECF No. 5.)

1

that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is currently incarcerated at Corcoran State Prison ("CSP"), and the events at issue occurred when Plaintiff was incarcerated at CSP.

Plaintiff names the following individuals as defendants: M. Curnel, correctional officer at CSP; J. Caldwell, correctional officer at CSP; A. Randolph, correctional lieutenant at CSP; M. L. Oliveira; correctional counselor II at CSP; M. Sexton; chief deputy warden at CSP; T. Lee; third level appeal examiner; M. Voong, third level chief of appeals; and San Diego Reference Laboratory.

///

2

On October 11, 2016, Defendant Caldwell served Plaintiff with a rules violation report ("RVR") cd2-115, alleging on September 6, 2016, Plaintiff's urine analysis tested positive for TCH. Plaintiff informed Defendant Caldwell, there must be a mix-up because he did not submit a urinalysis test on September 6, 2016 or any other time during his incarceration at CSP. Defendant Caldwell responded that he only serves the RVR. Plaintiff requested an investigative employee ("I.E.") to assist him in locating and interviewing witness, as well as, assistance gathering documentation to support his defense for misidentification. Defendant Caldwell told Plaintiff, he is not in the segregation Unit and therefore an I.E. is not necessary. After being denied by Defendant Caldwell, Plaintiff further pleaded that an I.E. is necessary to establish his innocence in the misidentification. Plaintiff requires assistance in this matter due to the complexity of locating witnesses and gathering documentation, which is why he needs an I.E. Plaintiff informed Defendant Caldwell he left CSP for twelve days[2] and upon returning to CSP he was placed in orientation status until[3] a classification committed correctly classified him. Being placed in orientation status restricted Plaintiff to his cell and he is unable to gather documentation or witnesses due to his restrictions. Plaintiff asserts, he is entitled to an I.E. pursuant to Title 15 of the California Code of Regulations section 3315(d)(1)(A)(2), "when housing status makes it unlikely the charged inmate can collect and present the evidence necessary for an adequate presentation of defense." Subsequently, Defendant Caldwell denied Plaintiff's request for an I.E..

Plaintiff further asserts that the delivery of RVR violated the time restraints of discovery, as it was delivered to him nineteen days after the discovery date.

Plaintiff's first Hearing

On October 23, 2016, Plaintiff appeared before senior hearing officer (SHO) Lieutenant Gonzales to be heard on Plaintiff's alleged RVR violation. Defendant Gonzales asked Plaintiff, "how does he plea?" Plaintiff informed SHO Gonzales, he was not prepared to proceed forward on this matter, as he was still investigating and developing his defense. Plaintiff further alleges he was denied the assistance of an I.E. and required the assistance of an I.E. in order to proceed

---

[2] Plaintiff left CSP on September 23, 2016 to October 4, 2016.

[3] Plaintiff was placed on orientation status from October 4, 2016 to October 19, 2016.

forward in his defense. Plaintiff said the denial of an I.E. rendered him unable to gather the required documents and he was unable to locate witnesses relevant in his not guilty defense. SHO Gonzales asked Plaintiff, "What documentation are talking about?" Plaintiff responded he requires access to the list of individuals who submitted a urine analysis on September 6, 2016, the sign-in or signature logs for the chain of custody, "The Random Selection list, and logbooks for CD2 form 1849, CDCR form 2249, and any other documentation relevant or material to this urine sample test. Plaintiff alleges, SHO Gonzales agreed with Plaintiff and postponed the hearing pending further investigation based on Plaintiffs claim of innocence due to misidentification. Plaintiff agreed to the terms and conditions of the bifurcation of the proceedings, in that of locating and interviewing witnesses, and gathering documents. Plaintiff alleges, SHO Gonzales and Defendant Randolph, did not document the proceeding of October 23, 2016, but in the Disciplinary Hearing Results ("DHR") it states Plaintiff entered a "not guilty" plea. Plaintiff cites to the Title 15 of the California Code of Regulations section 3320 (e), which states in pertinent part, "[i]f a hearing is postponed for any reasons, such reason shall be documented in findings section of the CDC form 115."

Second Administrative meeting

On October 24, 2016, Plaintiff was told by Defendant Randolph that he is adjudicating the RVR matter. Plaintiff told Defendant Randolph that SHO Gonzalez was allowing him time to investigate and collect documents due to the complexity of the issue and because his movements were restricted while on orientation status. Defendant Randolph stated, "you['re] not getting none of that." Plaintiff made another request for an I.E., subsequently, his request was denied by Defendant Randolph. Plaintiff further argued, he was not prepared to move forward without two material witnesses: (1) inmate Palmer (No. G58773) and (2) inmate Farmer (No. F74068); who were prepared to testify as to the process of random urine testing and as to the procedure. Plaintiff also wanted to call the Drug Testing Coordinator to testify as to the accuracy of the urinalysis logs, but that would be impossible for him to do. Plaintiff alleges Defendant Randolph gave no explanation as to why Plaintiff's request for an I.E. and subsequent requests were denied. Rather, Defendant Randolph only said "No."

A hearing was subsequently held in Defendant Randolph's office where he interviewed reporting employee, Defendant Curnel, Defendant Randolph asked, "did Stevenson give you a urine test?" and Defendant Curnel replied, he recalled collecting a sample from Plaintiff that day. Plaintiff alleges, in accordance to CSP Corcoran procedure 52010.18, urine sample collection procedures, "confirm the identity of an inmate by picture identification and to "recall" is not a positive identification. Plaintiff asserts, Defendant Randolph, as a finder of fact should not have relied on the untrustworthy memory of Defendant Curnel; instead he should have followed the procedure protocol which governs chain of custody identification. Consequently, Plaintiff was found guilty of the RVR violation.

<u>Appellate Review Process</u>

Plaintiff followed the prison grievance process and submitted a CDCR 602 form. In Plaintiff's grievance, he explained in great detail the unfairness he encountered during his administrative hearing, by being denied the ability to call witnesses, the denial of I.E., and the denial of chain of custody documentation.

Plaintiff alleges, the second level response not only misinterprets but also misrepresents the facts that occurred during his hearing. Plaintiff contends Defendant Randolph claims that he documented that Plaintiff did not meet the criteria for an assignment of an I.E, when all Defendant Randolph said was "No." In addition, the third level of review reaffirmed the prior decisions.

Plaintiff further alleges, this violation has made him not eligible for early parole and this ordeal has caused him to suffer from emotional and psychological distress. Plaintiff is seeking both compensatory and punitive damages as well as, requesting a bench trial.

## III.

## DISCUSSION

Plaintiff brings this action alleging violation of the Due Process Clause and Equal Protection under the Fourteenth Amendment and in violation of false Claims Act 31 U.S.C 3729-3733.

///

///

5

### A. 1983 claims

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

### B. Respondeat Superior

While Plaintiff names Warden Sherman, T. Lee, and M. Voong, as Defendants in this action, the complaint is devoid of any factual allegations regarding any conduct by Defendants Warden Sherman, Lee, and Voong. Plaintiff's allegations are conclusory statements at best. Rather, it appears that Plaintiff seeks to hold Defendants Warden Sherman, Lee, and Voong liable based upon their positions at CSP under the respondeat superior liability. As there is no respondeat superior liability under section 1983, Plaintiff has failed to state a claim against Defendants Warden Sherman, Lee, and Voong.

### C. Due Process

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005).

Plaintiff alleges that his due process was violated by the denial of an I.E. to aid him in collecting documentation and locating witnesses. Due to Plaintiff being placed on orientation

6

status on October 4, 2016 to October 19, 2016, made him eligible to be assigned an I.E., as this restricted his ability to collect any pertinent information in his defense. Furthermore, when a prisoner has his movements restricted they are entitled to the assignment of an I.E. in order to aid in the collection of documents so they may have an adequate defense. Cal. Code Regs. Tit. 15 § 3315(d)(1)(A)(3). Moreover, Plaintiff was denied the right to call witnesses, and these witnesses were prepared to testify to the random testing and signing protocol.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). In addition, the hearing officer's decision must be supported by "some evidence," Superintendent v. Hill, 472 U.S. 445, 455 (1985), having an indicia of reliability, Bruce v. Ylst, 351 F.3d 1283, 1287-88 (9th Cir. 2003); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56 (emphasis added). Based on Plaintiff's allegations in the first amended complaint, Plaintiff states a cognizable due process claim against senior hearing officer Defendant A. Randolph for the failure to allow Plaintiff to present witnesses, failure to appoint an investigative employee and the lack of evidence in support of the finding of guilt of the rules violation.

### D. False Reports

Plaintiff alleges that Defendants Oliveri, Curnel, and Caldwell intentionally filed false reports against Plaintiff during his appeals process. However, the issuance of a false RVR or false crime report does not, in and of itself, support a claim under section 1983. See, e.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.'") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Solomon v. Meyer, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing Chavira v. Rankin, No. C 11-5730 CW (PR), 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); Johnson v. Felker, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951-53 (2d. Cir. 1986)). Accordingly, Plaintiff has failed to state a cognizable claim for relief.

### E. Inmate Appeals

Plaintiff does not have a protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Plaintiff alleges he was denied an adequate appeals process because all three levels of appeals were based on false information. A decision at the third level of review, known as the director's level of review, is not appealable. Cal. Code Regs. tit. 15, § 3084.8(c)(3). To the extent Plaintiff seeks to bring claims based on the denial of his inmate appeals, Plaintiff does not state a cognizable claim.

///

///

**F.      Equal Protection**

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). There are two ways for a plaintiff to state an equal protection claim. A plaintiff can state a claim for violation of the Equal Protection Clause, by showing "that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). Intentional in this context means that the defendant acted, at least in part, because of the plaintiff's membership in a protected class. Serrano, 345 F.3d at 1082. Alternately, the plaintiff can state a claim by alleging that he was intentionally treated differently than similarly situated individuals and there was no rational basis for the difference in treatment. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

While Plaintiff alleges that Defendant Curnel discriminated against him by not providing him with accurate urinalysis testing, there are no allegations made by Plaintiff that he is entitled to the protection afforded under the equal protection clause of the fourteenth amendment, as he has not alleged he is a member of a protected class. Furthermore, Plaintiff also makes no allegations that he was intentionally treated differently than other prisoners. Rather, Plaintiff's complaint is devoid of any factual allegations from which the Court can infer that Defendant Curnel engaged in the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff's conclusory allegations fail to state a claim against defendant. Accordingly, Plaintiff fails to state a cognizable equal protection claim.

**G.      False Claims Act**

The False Claims Act creates a cause of action for the United States to recover economic losses incurred from fraudulent claims for payment. 31 U.S.C § 3729. The Attorney General purses such actions on behalf of the government. Id. at § 3730(a). Alternatively, under the statute's "qui tam" provision, private whistleblowers-"relators"-who have evidence of fraud, may assert the government's claim on its behalf. Id. § 3730(b).

///

Plaintiff invokes the False Claims Act, but it is not entirely clear from the face of the complaint what he is claiming. Plaintiff complaint is devoid of any of any factual allegations regarding any conduct by San Diego Reference Laboratory. Accordingly, Plaintiff's conclusory allegations fail to state a claim against under the False Claims Act.

## IV.

## CONCLUSION AND ORDER

Plaintiff's first amended complaint states a cognizable claim for damages against Defendant Randolph for a due process violation. Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the cognizable due process claim against Defendant Randolph, Plaintiff may so notify the Court in writing, and the Court will dismiss the other claims and Defendants, and will forward Plaintiff one (1) summons and one (1) USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Randolph for damages for his due process claim; and

///
///
///

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: __**August 2, 2017**__

UNITED STATES MAGISTRATE JUDGE